# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK MELVILLE,

            Plaintiff,

     -vs-                                      Case No.   13-CV-755

FLOYD MITCHELL, STEVE JOHNSON,
RONALD MOLNAR, HEATHER PAULSEN,
and JOHN AND JANE DOES,

            Defendants.

# SCREENING ORDER

        The plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $1.56. *See* 28 U.S.C. § 1915(b).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint Allegations

The plaintiff is incarcerated at Oshkosh Correctional Institution. He was incarcerated at Milwaukee Secure Detention Facility (MSDF) at all times relevant to this action. The defendants are MSDF Warden Floyd Mitchell, Security Director Steve Johnson, Unit Manager Ron Molnar, Institution Complaint Examiner and Prison Rape Elimination Act

3

(PREA) Investigator Heather Paulsen, Unit Sergeants John Doe 1, John Doe 2, and Jane Doe 1.

On the night of August 19, 2012,[1] and early morning of August 20, 2012, the plaintiff was sexually assaulted by his cellmate, Anthony Gray. Mr. Gray had previously sexually assaulted other cellmates. In fact, Mr. Gray "had a series of incidents of events so frequent that constitute regular sexual assault patter[n]s that insured [sic] that all official[s] must have been aware of them and individually failed to act reasonably." (Compl. at 3.)

Warden Mitchell had knowledge of the prior assaults and failed to exercise close supervision of his subordinates who were directly involved in the incident. He permitted his subordinates to inflict the constitutional deprivation upon the plaintiff. Security Director Johnson was also aware Mr. Gray's history of sexually assaulting his cellmates. He failed to protect the plaintiff from Mr. Gray because he knew the serious risk the inmate posed to another cellmate. Unit Manager Molnar made the decision to place Mr. Gray in the same cell as the plaintiff despite his knowledge that he had a well-documented history of sexually assaulting his cellmates. Inmate Complaint Examiner and PREA Investigator Paulsen, who also had prior knowledge of Mr. Gray's pattern of sexual assaults, allowed the sexual assault against the plaintiff to occur because of her inaction. She subjected the plaintiff to excessive risk of harm and disregarded his safety. Unit Sergeant John Doe 1

---

[1] The complaint reads, "the night of 8-19-2013 early morning of 8-20-2012." (Compl. at 2.) It is not possible that the alleged assault took place on August 19, 2013, because the plaintiff filed his complaint before that date, on July 2, 2013. The Court therefore assumes that the incident occurred on August 19-20, 2012.

4

disregarded the plaintiff's safety because he did not take reasonable precautions as to the inmates on his unit. He knew of the Mr. Gray's prior incidents of sexual misconduct against his cellmates. In addition, on the morning of the assault after Mr. Gray left the cell, the plaintiff pressed his emergency call button in his cell and told Unit Sergeant John Doe 1 that Mr. Gray had sexually assaulted him and to move the assaulter out of the cell. The sergeant replied, "where do you expect me to put him, there is no room" and insisted that there were no open rooms on the unit. (Compl. at 5.)

The plaintiff claims that the defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. He also claims that the defendants violated several Wisconsin Administrative Code regulations. For relief, the plaintiff seeks an injunction that he be provided with counseling by a psychologist of his choice. He also seeks $500,000 damages.

To state a claim for failure to protect, the plaintiff must allege that, (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendants acted with deliberate indifference to that risk. *See Santiago v. Walls*, 599 F.3d 749, 759 (7th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff's allegations that the defendants knowingly placed him in a cell with an inmate with a well-documented record of sexually assaulting his cellmates, and that the inmate did sexually assault the plaintiff, satisfies this standard. Therefore, the plaintiff may proceed on an Eighth Amendment failure to protect claim.

5

The remainder of the plaintiff's substantive legal theories warrant little discussion. Because they all involve the same set of facts implicated in his failure to protect allegations, they would be redundant even if the Court found that he states a claim. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). The Court must analyze the plaintiff's allegations under the most "explicit source[s] of constitutional protection," *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers*, 416 F.3d at 586, and in this case, the salient claim is failure to protect. *See Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010).

Also, the plaintiff may not proceed on claims that the defendants abused the discretion of their Wisconsin Department of Corrections (DOC) jobs, claims under the Wisconsin Administrative Code, or claims that any defendant violated DOC policy. Failure to follow state administrative procedures does not necessarily give rise to a constitutional violation. The mere fact that the conduct in question violates DOC regulations does not per se form the basis of § 1983 liability. *Kompare v. Stein*, 801 F.2d 883, 888 (7th Cir.1986). Section 1983 of Title 42, United States Code, addresses violations of federal law and the United States Constitution; it is not a means to redress violations of state procedures. *See Sandin v. Conner*, 515 U.S. 472, 478-83 (1995); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

<u>Motion for Appointment of Counsel</u>

The plaintiff has filed a motion to appoint counsel. The court has discretion

6

to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" as well as "preparing and responding to motions." *Id.*

In this case, the plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, his motion for appointment of counsel will be denied.

Motion for Preliminary Injunction/Temporary Restraining Order

The plaintiff has filed a joint motion for preliminary injunction and temporary restraining order. He seeks an order that the defendants permit him his constitutional right of access to the court to litigate this case and the use of the institution legal loan program to

7

do so. The plaintiff also mentions retaliation, and the implication is that he fears retaliation from the defendants for litigating this case. He does not offer any specific allegations with regard to either claim.

The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the plaintiff satisfies the initial three-step burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id*. The court also must consider the effect of the injunction on nonparties. *Id*.

As an initial matter, the plaintiff is no longer incarcerated at MSDF and that is where the defendants are located. The Court does not have jurisdiction over prison officials at Oshkosh Correctional Institution. Thus, any interference with his access to the court or retaliation is not properly addressed in this case. Furthermore, since filing the instant motion, the plaintiff has filed five separate discovery-related documents. It does not appear that his access to the courts is hindered at this time. Based on the foregoing, the plaintiff's motion for preliminary injunction and temporary restraining order will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

8

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #9) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for preliminary injunction and temporary restraining order (Docket #10) are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.44 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2013.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**