# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK MELVILLE,

          Plaintiff,

    -vs-                              Case No. 13-CV-755

FLOYD MITCHELL, STEVE JOHNSON,
RONALD MOLNAR, HEATHER PAULSEN,
JOHN AND JANE DOES, and SGT. TREMAINE,

          Defendants.

## DECISION AND ORDER

On October 24, 2013, the plaintiff filed a motion to compel discovery. He seeks responses to his July 29, July 31, and October 3, 2013, discovery requests. The defendants assert that they have not objected to any of the plaintiff's discovery as of yet. Rather, they advised him that they would not respond to any discovery requests until after submitting an answer and receiving a scheduling order from the Court. The defendants recently filed their answer and the Court will issue a scheduling order promptly. Thus, the plaintiff's motion to compel will be denied because it is premature.

The plaintiff has filed a motion to amend the complaint to identify a defendant named as John Doe 2 in his original complaint. The plaintiff submits that he has determined that John Doe 2 is Marion Morgan, Prison Rape Elimination Act (PREA) Director for the Wisconsin Department of Corrections (DOC). He alleges that, as PREA Director, Marion

Morgan is responsible for eliminating sexual assaults in DOC institutions, protecting the rights of inmates and offenders, establishing guidelines for proper reporting of sexual crimes in prison, and insuring that the institutions meet standards mandated by the United States Department of Justice. According to the plaintiff, Marion Morgan failed in her duties to see that her subordinates were properly trained, and the sexual assault against him would not have occurred if they had been properly trained. The plaintiff also seeks to amend his request for relief.

Leave to amend a pleading should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.*

As an initial matter, the plaintiff has not included a proposed amended complaint along with his motion to amend. "Any amendment to a pleading, . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15(a) (E.D. Wis.). The proposed amended pleading "must be filed as an attachment to the motion to amend." Civil L.R. 15(b) (E.D. Wis.).

Even if the plaintiff had complied with the Local Rules and filed a

comprehensive proposed amended complaint, his allegations against Marion Morgan fail to state a claim because there is no supervisory liability under 42 U.S.C. § 1983. *See T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Moreover, a failure to train claim under the Eighth Amendment may only be brought against a municipality. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001)). Accordingly, the plaintiff's motion to amend the complaint will be denied.

The plaintiff has filed a request that he not be required to serve paper copies of his filings on the defendants but rather file only one copy with the Clerk of Court. He states that he is "broke," receives no institution pay, and even has to trade his dinner tray for a stamped envelope to mail documents to the court. Here, as each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Thus, the plaintiff's request will be granted.

The plaintiff has filed a motion to appoint counsel. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the

3

court must examine "whether the difficulty of the case — factually and legally — exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, the plaintiff has provided evidence that he attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. He has engaged in discovery (albeit premature) and filed several motions on his own behalf. Therefore, at this time the Court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (Docket # 29) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (Docket # 33) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's request to not serve the defendants with hard copies of his filings will be **granted**.

4

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 50) is **denied**.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2014.

**SO ORDERED,**

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**