# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK MELVILLE,

          Plaintiff,

    -vs-                            Case No. 13-CV-755

FLOYD MELVILLE, STEVE JOHNSON,
RONALD MOLNAR, HEALTHER PAULSEN,
and SGT. TREMAINE,

          Defendants.

## DECISION AND ORDER

        The defendants have filed a motion to compel the plaintiff to execute an Authorization and Informed Consent For Use and Disclosure of Medical Information for medical records from Milwaukee Secure Detention Facility. (Docket # 85.) According to the defendants, the plaintiff's alleged mental and physical state and the possible causes are key issues in this litigation based on his claim that he suffered severe long term physical and psychological damage as a result of being sexually assaulted by his cellmate. In an attempt to resolve the dispute with the plaintiff over access to his medical records, the defendants assert that they have agreed to limit the scope of time to one year prior to the incident to the present and to exclude HIV, AODA, Dental, and Optical categories.

        The plaintiff did not file a response to the defendants' motion to compel. He has, however, filed several authorizations with the Court since the defendants filed their

motion. (*See* Docket ## 74, 90, 93, 96, 98.) It appears that the latest one (Docket # 98-1) is appropriately limited as agreed to by the parties. Therefore, the Court will deny as moot the defendants' motion to compel.

The plaintiff has filed a renewed request for counsel. (Docket # 87.) He asserts that he lacks knowledge of the law and has no formal legal education. The Court previously considered the plaintiff's motion to appoint counsel and denied the request on January 16, 2014. The same reasoning applies here, that is, the plaintiff's filings reveal that he is capable of litigating this case himself right now. He has conducted discovery, identified Doe defendants, and filed two amended complaints. In addition, his failure to protect claim is not overly complex. Thus, the Court will deny the plaintiff's request for counsel at this time.

The plaintiff has filed a motion for extension of time to conduct discovery and a motion to amend the complaint. (Docket ## 94, 95.) He seeks additional time to conduct discovery related to a newly identified defendant staff member allegedly involved in his claim, Captain Caira. He also seeks to file a second amended complaint naming Captain Caira as a defendant. The defendants oppose the motions as unjust and untimely. Alternatively, if the Court grants the motions, the defendants seek a 60-day extension of time to file dispositive motions.

Here, the plaintiff has utilized discovery to identify Doe defendants and has diligently litigated this case. His request for additional time for discovery and to file a

2

second amended complaint is not a delay tactic and will not prejudice the defendants. Given the barriers to litigation the plaintiff faces as a pro se prisoner, it is not surprising that he would need some extra time. Thus, under the circumstances, the Court will grant the motions. The proposed second amended complaint will be the operative complaint in this action. The Court will grant the plaintiff additional time until June 16, 2014, to conduct discovery. The dispositive motion filing deadline will be extended until July 18, 2014. No further amendments to the complaint or extensions of time will be permitted.

The defendants have filed a motion to stay the scheduling order based on the plaintiff's pending motion to amend the complaint. (Docket # 100.) However, this order resolves that motion and addresses the defendants' concern related to dispositive motion filing deadline. Thus, the motion will be denied as moot.

The plaintiff has filed a motion to stay the filing fee order until release from custody or the disposition of this case. (Docket # 108.) However, the filing fee is collected pursuant to the formula set forth in 28 U.S.C. § 1915(b)(2). The statute is mandatory and, as a result, the plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that the defendants' motion to compel discovery (Docket # 85) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's renewed motion to appoint counsel (Docket # 87) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time

3

to conduct discovery (Docket # 94) is **granted**. The new deadline for the completion of discovery is extended until **June 16, 2014**, and the new dispositive motion filing deadline is **July 18, 2014**. No further extensions will be granted.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct complaint (Docket # 95) is **granted**. The proposed second amended complaint (Docket # 95-1) is the operative complaint in this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the new state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the second amended complaint.

**IT IS FURTHER ORDERED** that the defendants' motion to stay (Docket # 100) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay the filing fee order (Docket # 108) is **denied**.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2014.

SO ORDERED,

*[signature]*

HON. RUDOLPH T. RANDA
U. S. District Judge